IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

DYRONG GODBOLD                                                                      PETITIONER
ADC #103631

V.                              NO. 2:05cv00063 SWW-JWC

LARRY NORRIS, Director,                                                             RESPONDENT
Arkansas Department of Correction

PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

  1. Why the record made before the Magistrate Judge is inadequate.

  2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## **RECOMMENDED DISPOSITION**

Dyrong Godbold, an Arkansas Department of Correction inmate, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (docket entries #1, #17). Respondent concedes (docket entries #3, #19) that Petitioner is in his custody and has exhausted all nonfutile state remedies, *see id.* § 2254(a) & (b), but asserts other arguments for denial. For the reasons that follow, the petition should be **denied**.

### I.
### Background

Following a jury trial in April 1998 in the Circuit Court of Garland County, Arkansas, Petitioner was convicted of capital murder and was sentenced to life imprisonment without parole. (Resp't Ex. A.)[1] In a direct appeal to the Arkansas Supreme Court, Petitioner

---

[1] Respondent's exhibits are attached to docket entry #3.

argued that the trial court erred (1) in admitting his statement, (2) in denying his motion for continuance, and (3) in denying his request for mistrial due to certain comments by the prosecutor. (Resp't Ex. B). His conviction was affirmed on January 28, 1999. *Godbold v. State*, 983 S.W.2d 939 (Ark. 1999) (Resp't Ex. C). The mandate issued on February 17, 1999. (Resp't Ex. D.)

On November 12, 2003, Petitioner filed in the Garland County Circuit Court a pro se petition for post-conviction relief pursuant to Ark. R. Crim. P. 37, for writ of habeas corpus pursuant to Ark. Code Ann. § 16-112-101 *et seq.*, for writ of error *coram nobis*, and for correction of an illegal sentence under Ark. Code Ann. § 16-90-111. (Resp't Ex. E.) He alleged that his trial counsel was ineffective and acted under a conflict of interest, the evidence at trial was insufficient to support his conviction, the trial court erred in denying a motion to suppress his statement, and "no meaningful distinction" exists between capital murder and first degree murder under the relevant criminal statutes. The circuit court denied the petition as untimely, and Petitioner did not appeal. *State v. Godbold*, No. CR 97-465-1 (Garland Co. Cir. Ct. Nov. 14, 2003) (Resp't Ex. F, I).

On January 7, 2005, Petitioner filed a second pro se state post-conviction petition in the circuit court, alleging the same grounds as previously raised. (Resp't Ex. G.) This petition was also denied as untimely and, again, no appeal was taken. *State v. Godbold*, No. CR 97-465-1 (Garland Co. Cir. Ct. Jan. 13, 2005) (Resp't Ex. H, I).

Petitioner then filed this federal habeas petition (docket entry #1) through a retained attorney, Larry G. Dunklin, alleging that his conviction and sentence were obtained by the denial of his right to the effective assistance of counsel at trial as guaranteed by the Sixth

and Fourteenth Amendments to the United States Constitution, setting forth several instances of alleged ineffectiveness. Respondent asserted (docket entry #3) that Petitioner's claims should be dismissed for two reasons: (1) as time-barred pursuant to the one-year statute of limitations for filing federal habeas petitions, 28 U.S.C. § 2244(d); and (2) as procedurally barred because Petitioner first failed to present his claims properly to the state courts, *see Coleman v. Thompson*, 501 U.S. 722 (1991). Although notified of his opportunity to reply to these arguments (docket entry #4), Petitioner did not do so.

      Subsequently, it came to the Court's attention that Petitioner's counsel was facing disbarment proceedings by the Arkansas Supreme Court Committee on Professional Conduct and, further, was the subject of a separate complaint filed with the Committee by Petitioner's family alleging that counsel failed to file this federal habeas petition in a timely manner on behalf of Petitioner. Concerned that counsel might have been representing Petitioner in this action while laboring under a conflict of interest and that circumstances might have existed which could affect analysis of the statute of limitations and procedural bar issues, the Court directed expansion of the record to include documents from the Committee relating to complaints filed by Petitioner or his family regarding counsel's pursuit of, or failure to pursue, post-conviction proceedings in federal court or state court on Petitioner's behalf (docket entry #5). Following an *in camera* review of the documents submitted, the Court removed Mr. Dunklin from representing Petitioner (docket entry #11).[2]

---

[2] On January 18, 2007, the Arkansas Supreme Court suspended Mr. Dunklin's law license for three years for violation of the Arkansas Model Rules of Professional Conduct in connection with allegations of misconduct unrelated to this case. *Ligon v. Dunklin*, 368 Ark. 443 (Ark. 2007). Mr. Dunklin was also suspended from practicing in this Court due to nonpayment of the biennial fee for attorneys admitted to practice before the Court (*see* Mar. 31, 2006 letter in correspondence section of this file).

The Court appointed new counsel, William Shane Cater, directing him to respond to Respondent's arguments and take any other steps deemed appropriate (docket entry #15). He then filed, on Petitioner's behalf, an amended petition (docket entry #17), raising the following claims:

>   (1)   Petitioner's conviction and sentence were obtained by the denial of his right to have the effective assistance of trial counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution, because counsel:
>
>     (a)   failed to prepare adequately for trial, interview witnesses and develop defenses,
>
>     (b)   failed to offer a second degree murder instruction,
>
>     (c)   failed to request a continuance when Petitioner's co-defendant entered a negotiated plea and was announced as a witness against Petitioner the day before trial,
>
>     (d)   failed to object properly to "highly incriminating evidence" which was admitted,
>
>     (e)   failed to obtain exculpatory evidence from the state;[3] and
>
>   (2)   Petitioner was denied the effective assistance of counsel in filing the original federal petition for writ of habeas corpus in this action, in violation of the Sixth and Fourteenth Amendments, in that his first attorney was late in filing the petition.

Respondent again raised the defenses of timeliness and procedural bar (docket entry #19), and Mr. Cater filed a reply on Petitioner's behalf (docket entry #21).

II.
Statute of Limitations

Respondent first contends that the entire petition is time-barred under 28 U.S.C. §

---

[3]These are the same specific ineffective-assistance claims raised in the original petition (docket entry #1).

5

2244(d)(1), which requires that a federal habeas petition be filed within one year of the date upon which a state judgment of conviction became final. Petitioner's conviction became final in April 1999, and he filed this petition almost six years later, in March 2005. *See Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 853 (8th Cir. 2003) (state judgment becomes final upon conclusion of all direct criminal appeals in state court, followed by expiration of ninety-day period for filing a petition for writ of certiorari with the United States Supreme Court). Although the time during which a properly filed state post-conviction proceeding is pending does not count toward § 2244(d)'s limitations period, 28 U.S.C. § 2244(d)(2), Petitioner did not file either of his state post-conviction petitions until *after* the one-year period had already expired. Therefore, neither petition had any effect upon calculation of the statutory period. *See Curtiss*, 338 F.3d at 853; *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998) ("The tolling provision does not ... 'revive' the limitations period [i.e., restart the clock at zero]; it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.").

The troublesome question in this case is whether the actions or inactions of Petitioner's first counsel in this habeas action entitle him to tolling of the limitations period. *Cf. Lawrence v. Florida*, 127 S. Ct. 1079, 1085 (2007) (attorney miscalculation does not justify equitable tolling of limitations period); *Beery v. Ault*, 312 F.3d 948, 951-52 (8th Cir. 2002) (ineffective assistance of counsel generally does not warrant equitable tolling), *with United States v. Martin*, 408 F.3d 1089, 1093-96 (8th Cir. 2005) (habeas petitioner entitled to equitable tolling due to "egregious attorney misconduct" which led to the untimeliness

and petitioner acted diligently in pursuing his claims). The record presented does not provide an answer, and the issue could be resolved only through further factual development. Because the statute of limitations defense is not jurisdictional, the Court will proceed to Respondent's alternative arguments in the interest of judicial economy. *Day v. McDonough*, 547 U.S. 198, 205 (2006); *Trussell v. Bowersox*, 447 F.3d 588, 590 (8th Cir.), *cert. denied*, 127 S. Ct. 583 (2006).

### III.
### Procedural Default: Ground 1

Before seeking federal habeas review, a state prisoner must first fairly present the substance of each claim to each appropriate state court, thereby alerting those courts to the federal nature of his claims and giving them an opportunity to pass upon and correct any constitutional errors made there. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *see* 28 U.S.C. § 2254(b) & (c) (requiring federal habeas petitioner to exhaust all remedies available in the state courts). A federal habeas petitioner's claims must rely on the "same factual and legal bases" relied on in state court. *Interiano v. Dormire*, 471 F.3d 854, 856 (8th Cir. 2006). Claims in a federal habeas petition that were not presented in state court and for which there is no remaining state court remedy are procedurally defaulted. *Id.* A federal claim is also procedurally defaulted where a state court has declined to review it due to the petitioner's failure to follow applicable state procedural rules in presenting it. *Moore-El v. Luebbers*, 446 F.3d 890, 896 (8th Cir.), *cert. denied*, 127 S. Ct. 673 (2006). Failure to file a timely state post-conviction petition raising all federal claims, or failure to appeal properly the denial of a post-conviction petition to the highest state court,

constitutes a procedural default.  *Osborne v. Purkett*, 411 F.3d 911, 919 (8th Cir. 2005), *cert. denied*, 547 U.S. 1022 (2006); *Miller v. Lock*, 108 F.3d 868, 870-71 (8th Cir. 1997).

Where a state procedural default has occurred, federal habeas review is permitted only if the petitioner can demonstrate (1) cause for the default and actual prejudice as a result of the alleged violation of federal law, or (2) that failure to consider the defaulted claim will result in a fundamental miscarriage of justice, that is, that a constitutional violation has resulted in the conviction and continued incarceration of one who is actually innocent of the underlying offense.  *Coleman*, 501 U.S. at 750; *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Under Arkansas law, all grounds for post-conviction relief are to be brought in a Rule 37 petition filed in the appropriate state circuit court.  Ark. R. Crim. P. 37.1(a), 37.2(b) (2007).  This includes challenges to the effectiveness of counsel in violation of the United States Constitution.  *Id.* 37.1(a); *see Huddleston v. State*, 5 S.W.3d 46, 50 (Ark. 1999) (Rule 37 petition is proper remedy for challenging adequacy of attorney's representation); *Bailey v. State*, 848 S.W.2d 391, 392 (Ark. 1993) ("regardless of the label placed on it by the petitioner," a post-conviction petition attacking a judgment is considered pursuant to Rule 37 and is subject to Rule 37's time limitations).  A Rule 37 petition must be filed within sixty days of issuance of the appellate court mandate affirming a conviction.  Ark. R. Crim. P. 37.2(c). Rule 37's time limitations are jurisdictional, and relief cannot be granted on an untimely petition for post-conviction relief.  *Shabazz v. State*, 199 SW.3d 77, 78 (Ark. 2004).  Once it is determined that jurisdiction does not exist due to the untimeliness of a post-conviction petition, the case must be disposed of on that basis. *Maxwell v. State*, 767

S.W.2d 303, 305 (Ark. 1989).

Petitioner's first state post-conviction petition was filed more than four years after the mandate issued in his direct appeal and was, therefore, untimely under Arkansas' procedural rules. His second petition, filed fourteen months later, was also untimely. Both were denied by the state circuit court on that basis (Resp't Ex. F, H), and Petitioner did not appeal. Furthermore, neither of his state post-conviction petitions included all the ineffective-assistance claims he now raises. *See Osborne*, 411 F.3d at 919 n.7 (if a specific factual ground for an ineffective-assistance claim is raised in state court and a related, but different, factual ground is asserted in federal court, the latter is procedurally defaulted); *Flieger v. Delo*, 16 F.3d 878, 885 (8th Cir. 1994) (petitioner who presents to the state courts "a broad claim of ineffectiveness as well as some specific ineffectiveness claims [has not] properly presented all conceivable specific variations for purposes of federal habeas review").

Because Petitioner did not include all of his specific ineffective-assistance claims in his state post-conviction petitions, did not file the petitions in a timely manner, and did not appeal the denials to the Arkansas Supreme Court, his current claims regarding the performance of his trial counsel are procedurally defaulted. Federal habeas review is barred unless he can make the requisite showing of cause and prejudice, or actual innocence.

Cause requires a showing of some impediment, external to the petitioner's defense and not fairly attributable to him, preventing him from constructing or raising his claims in state court or complying with the state's procedural rules. *Coleman*, 501 U.S. at 753. Pro se status and unfamiliarity with legal arguments and procedural matters are not sufficiently

9

external to constitute cause excusing a procedural default. *Smittie v. Lockhart*, 843 F.2d 295, 298 (8th Cir. 1988). If no cause has been shown, the prejudice element need not be addressed. *McCleskey v. Zant*, 499 U.S. 467, 502 (1991).

Petitioner does not explain why he waited until April 2003 – more than four years after his conviction was affirmed – to file his first, pro se post-conviction petition in state court. Because there is no constitutional entitlement to counsel in state post-conviction proceedings, the absence or ineffectiveness of counsel in connection with such proceedings cannot constitute cause excusing a procedural default. *See Coleman*, 501 U.S. at 752-54, 757; *Interiano*, 471 F.3d at 857.

Petitioner asserts that he is actually innocent of the crime of conviction, which can constitute an exception to the cause-prejudice requirement. To pass through the actual innocence gateway and permit federal habeas review of otherwise defaulted claims, a petitioner's case must be "truly extraordinary." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). To fit within this narrow exception, a habeas petitioner must (1) support his allegations of constitutional error with new reliable evidence not presented at trial and (2) show, in light of the new evidence, "that it is more likely than not that 'no reasonable juror' would have convicted him." *Id.* at 324, 329. Even if any of his habeas claims have merit, "without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Id.* at 316; *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir.) (exception requires petitioner "to present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted"), *cert. denied*,

127 S. Ct. 590 (2006); *Osborne*, 411 F.3d at 920 (evidence not "new" if existed at time of trial and could have been discovered earlier if petitioner or counsel had diligently pursued it). A petitioner must present actual evidence of his innocence; bare allegations are insufficient to invoke the exception. *Simmons v. Taylor*, 195 F.3d 346, 348 (8th Cir. 1999).

Petitioner does not present any evidence in support of his claim of innocence, much less anything "new" or "reliable." Therefore, the actual-innocence exception is inapplicable.

Ground 1 should be dismissed as procedurally barred.

## IV.
### Ineffective § 2254 Counsel: Ground 2

Petitioner contends that his first § 2254 habeas counsel was late in filing the original petition in this matter, causing him to miss the statutory deadline prescribed by 28 U.S.C. § 2244(d). This, he says, denied him the effective assistance of counsel under the United States Constitution. Even if Petitioner is correct that the untimely § 2254 filing was counsel's fault and not his own,[4] counsel's conduct would not rise to the level of a constitutional violation. The law is clear that prisoners do not have a federal constitutional right to counsel when mounting collateral post-conviction attacks upon their state convictions. *Pennsylvania v. Finley*, 481 U.S. 551, 555-57 (1987); *see Boyd v. Groose*, 4 F.3d 669 (8th Cir. 1993) (no Sixth Amendment right to counsel in federal habeas proceeding). Where there is no constitutional right to counsel, there can be no

---

[4]The Court need not determine whether counsel was responsible for Petitioner's failure to comply with the federal statute of limitations because, regardless of any untimeliness *in federal court*, Petitioner's claims must be dismissed as procedurally barred due to his failure first to present them properly *in state court*.

unconstitutional deprivation of effective assistance. *Coleman*, 501 U.S. at 752. In fact, the statutes governing § 2254 actions expressly foreclose claims of incompetent or ineffective counsel during federal or state collateral post-conviction proceedings. 28 U.S.C. § 2254(i).

Therefore, Ground 2 should be dismissed as failing to state a cognizable federal habeas claim.

V.
Conclusion

Petitioner's claims are procedurally barred or not cognizable. Therefore, this 28 U.S.C. § 2254 petition for writ of habeas corpus, as amended, (docket entries #1, #17) should be denied in its entirety, with prejudice.

DATED this 10th day of October, 2007.

_____
UNITED STATES MAGISTRATE JUDGE